O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL, INC., and ADVANCED MESSAGING TECHNOLOGIES, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>INTEGRATED GLOBAL CONCEPTS, INC.,<br><br>　　　　Defendant. | Case No. CV 12-03439 DDP (PLAx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR STAY PROCEEDINGS**<br><br>[Docket Nos 9, 15] |

　　Presently before the court is Defendant Integrated Global Concepts, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(3) or in the Alternative, to Stay Proceedings ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants the Motion in part and adopts the following Order.

**I.　BACKGROUND**

　　Prior to 2000, Defendant Integrated Global Concepts, Inc. ("IGC") designed and operated a fax-to-email system on behalf of eFax.com ("eFax"). In 2000, Plaintiff j2 Global, Inc. ("j2")

acquired eFax.[1]  During the acquisition, j2, eFax, and IGC entered into an Agreement of Understanding ("Agreement").  As part of the Agreement, j2 and eFax agreed to release IGC from any and all claims "arising from or related to any past services, equipment, software or other assets provided by IGC to [j2 or eFax]" ("claims release").[2]  The Agreement also contains a broad forum selection clause, providing that all disputes will be heard in the Northern District of California.

Following an initial transition period, during which j2 licensed the use of IGC's software, j2 and IGC ended their business relationship.  IGC then began selling its Internet fax services directly to consumers, in competition with j2.  Accordingly, j2 filed the present action, alleging that IGC is infringing various patents.  The applications for these patents were pending at the time of the Agreement, but the patents had not yet issued.  IGC also filed its own action in the Northern District of California, alleging that j2's suit here breaches the Agreement's forum selection clause and claims release.  IGC then filed the present Motion, arguing that this court should dismiss j2's suit for improper venue because of the forum selection clause, or in the alternative, stay proceedings pending the outcome of the Northern District action.

---

[1] These prior events actually involved j2's predecessor, JFAX.  Because this distinction is not relevant to the present Motion, the court will refer to both j2 and its predecessor as "j2."

[2] The Agreement also contains a similar covenant not to sue.  Further, the parties agreed to waive any unknown or unsuspected claims, as well as any protections provided by California Civil Code section 1542.

## II. DISCUSSION

The parties agree that the critical legal question here is whether the claims release applies to j2's present action, thereby triggering the forum selection clause. According to IGC, j2's current infringement claims do "aris[e] from" or are "related to" IGC's "past services, equipment, software, or other assets," because IGC is providing "the same services as it did at the time [of] the Agreement . . ., using the same software, equipment, and other assets." (Mot. at 5.) In other words, IGC contends that the release must apply because IGC's "MaxEmail internet fax and voicemail service" is the only service that it provided then, the only service that it provides now, and the only basis for j2's infringement claims. IGC also emphasizes that j2 was aware of the relevant patents and the nature of IGC's service, at the time of the Agreement. As IGC explains, the patent applications were already pending and j2 had access and training as to IGC's system.

To the contrary, j2 argues that its suit is for IGC's present infringement of patents not yet issued at the time of the Agreement, not for any past services. Further, j2 contends that the release "was intended solely to govern IGC's provision of . . . services to [j2] during a limited transition period after the acquisition, and to resolve outstanding disputes about payment for services IGC had rendered to eFax."[3] (Opp'n to Mot. at 1.)

---

[3] j2 also cites to a Northern District of Georgia decision in a prior action against IGC by j2's subsidiary, Catch Curve. Although the case involved different patents, IGC similarly argued that Catch Curve had breached the Agreement's claims release and related contracts between the parties. The court, however, rejected this argument, in granting a motion by Catch Curve to dismiss IGC's breach of contract counterclaim. As j2 notes, the
(continued...)

3

1    In light of these reasonable arguments by both sides, the
2 court finds that the best approach is to stay this case while the
3 Northern District of California determines whether the Agreement's
4 claims release and forum selection clause apply to j2's present
5 claims.  If the Northern District answers these questions in the
6 affirmative, the case here must, of course, be dismissed.  If, on
7 the other hand, the Northern District finds that the Agreement does
8 not cover j2's claims, then the stay will be lifted.  The court
9 agrees with IGC that j2 will not be unduly prejudiced by this
10 course of action or any resulting delay.  It was j2 that drafted
11 the Agreement and selected the Northern District as the forum for
12 all relevant litigation.  Further, j2 waited a number of years
13 after its patents had issued before bringing this infringement
14 action.
15    For all of these reasons, the court hereby GRANTS IN PART
16 Defendant's Motion.  This matter is stayed pending the outcome of
17 Defendant's action against Plaintiff in the Northern District of
18 California.
19 IT IS SO ORDERED.
20
21 Dated: August 7, 2012
22                                         DEAN D. PREGERSON
                                           United States District Judge
23

---

³(...continued)
court found that the release covered only a subset of claims: those
arising from IGC's past relationship with j2 and eFax.  The court
also emphasized, however, that IGC had failed to allege that Catch
Curve's claims arose from or were related to IGC's past services.
Here, to the contrary, IGC clearly maintains that j2's claims are
connected to these past services.  Accordingly, the Northern
District of Georgia decision does not resolve the present dispute.

4