STEVEN M. GOLDSOBEL (Bar No. 166405)
BECKY HSIAO (Bar No. 232361)
LAW OFFICE OF STEVEN M. GOLDSOBEL
1900 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
Telephone: (310) 552-4848
Facsimile: (310) 552-9291
Email: steve@sgoldsobel.com

Attorneys for Defendant
INTEGRATED GLOBAL CONCEPTS, INC.

ROBERT SCHNEIDER (*Admitted Pro Hac Vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1900
bschneid@chapman.com

Attorneys for Defendant
INTEGRATED GLOBAL CONCEPTS, INC.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiffs <br><br> vs. <br><br> INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Defendant. | Case No. Case No. 12-CV-3439-DDP <br><br> **DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)** <br><br> Date: June 10, 2013 <br> Time: 10:00 a.m. <br> Place: Courtroom 3 <br> Honorable Dean D. Pregerson <br> 312 N. Spring Street <br> Los Angeles, CA <br><br> Complaint Filed: April 20, 2012 |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on June 10, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, Defendant Integrated Global Concepts, Inc. ("IGC) shall, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(3), for an order dismissing in its entirety the Complaint of Plaintiffs J2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively, "j2").

 This Court previously stayed the proceedings in this action pending the outcome of the action entitled *Integrated Global Concepts, Inc. v. j2 Global, Inc. f/k/a JFAX.COM, Inc. et al.*, in the United States District Court, Northern District of California, case number 5:12-cv-03434-RMW ("San Jose Action"). After this Court's ruling, j2 moved to dismiss the San Jose Action and sought in the alternative to have the case transferred back to this Court. Upholding the forum selection clause, on March 29, 2013, the Court in the San Jose Action denied both of j2's requests. Thereafter, j2 brought the identical patent infringement claims from this case as counterclaims against IGC in the San Jose Action and also filed a notice in the San Jose Action seeking to move forward with those claims immediately.

 Accordingly, this case should be dismissed under principles of federal comity and judicial economy. The maintenance of both the San Jose Action and this suit would lead to duplicative litigation, the inefficient use of judicial resources and raise the possibility of inconsistent decisions. It also would be contrary to the forum selection clause that has now been enforced in the San Jose Action.

 This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities attached hereto; the operative Complaint and other federal and state court pleadings on file with the Court in this matter; the Declaration of James Heiser and exhibits attached thereto; all matters of which this Court may

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)**

properly take judicial notice; and any other evidence or oral argument as the Court may consider in connection with this Motion.

This Motion is made following the completion of conference of counsel pursuant to Local Rule 7-3 of the Local Rules of the Central District of California.

DATED: May 8, 2013    LAW OFFICE OF STEVEN M. GOLDSOBEL

By _____
Steven M. Goldsobel
Becky Hsiao
Attorney for Defendant
Integrated Global Concepts, Inc.

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)**

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................1

II. BACKGROUND .............................................................................................1

III. ARGUMENT ..................................................................................................3

    A.    j2 Has Filed The Identical Claims From This Case as Counterclaims..................................................................................3

    B.    The Court in the Northern District Has Enforced the Forum .....................3

    C.    Principals of Federal Comity Warrant Dismissal of This Action ...............4

IV. CONCLUSION................................................................................................5

## TABLE OF AUTHORITIES

*Church of Scientology v. United States Dep't of the Army,*
    611 F.2d 738 (9th Cir. 1979)..................................................................4

*Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976)...............3

*Foster v. Nationwide Mut. Ins. Co.,* 2007 WL 4410408, at *6
    (N.D. Cal. Dec. 14, 2007) ......................................................................5

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952).............4

*M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 10 (1972)..............................3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action was previously stayed by this Court pending a determination by the U.S. District Court for the Northern District of California in the San Jose action as to whether it would enforce a forum selection clause in the contract in question and proceed to adjudicate the issue of whether a previous release and covenant not to sue given by j2 to IGC bars j2's patent infringement claims in this suit. After this Court's ruling, j2 moved to dismiss the San Jose Action and sought in the alternative to have the case transferred back to this Court. On March 29, 2013 both of j2's requests were denied, and the Court in San Jose expressly found "no reason not to honor the forum selection clause." (San Jose Ruling at 4; Dkt. No. 41 (Heiser Dec. Ex. 3, p.41).) j2 subsequently brought the identical patent infringement claims from this case as counterclaims against IGC in the San Jose Action. IGC has now answered those claims. j2 also filed a notice seeking to move forward with its infringement claims immediately in the San Jose Action.

As set forth below, this case should be dismissed under principles of federal comity and judicial economy. The maintenance of both the San Jose Action and this suit would lead to duplicative litigation, the inefficient use of judicial resources and raise the threat of inconsistent decisions. It also would be contrary to the forum selection clause that has now been enforced in the San Jose Action. Thus, sound judicial administration and comity dictate that this Court should dismiss this action.

## II. BACKGROUND

On August 7, 2012, this Court entered an order staying this proceeding pending a determination as to whether the San Jose Action would proceed. (Ruling at 4; Dkt. No. 23 (Heiser Dec. Ex. 1).) Subsequently, j2 moved to dismiss the San Jose Action, arguing that the Release and Covenant Not to Sue did not apply to the patents-in-suit, as they had previously done in this Court. (Heiser Dec. Ex. 2.) j2 also sought a discretionary transfer of venue back to this Court. *Id.* However, on March 29, 2013, Judge Whyte: (1) denied j2's motion to dismiss; (2) rejected j2's

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)

request for a discretionary transfer back to this Court; and (3) enforced the forum selection clause. San Jose Ruling at 4-6 (Heiser Dec. Ex. 3.)

However, rather than litigate the issue of whether the Release and Covenant Not to Sue cover the patents-in-suit to its conclusion in San Jose and potentially restart this proceeding if j2 prevailed in the San Jose Action, j2 has instead chosen to bring the identical patent infringement claims as counterclaims against IGC in the San Jose Action. (Heiser Dec. Ex. 4.)

IGC already has answered those claims. (Heiser Dec. Ex. 5.) Similarly, IGC has already sought discovery from j2 on the issue of whether the Release and Covenant Not to Sue apply to the patents-in-suit. (Heiser Dec. Ex. 6.) The parties have met and conferred on j2's objections to IGC's discovery pursuant to that Court's local rules. (Heiser Dec. ¶ 4.) The parties have also prepared a joint case management statement. (Heiser Dec. Ex. 10, Dkt No. 28.) The Court has further held a case management conference and entered orders with respect to scheduling, directing the parties to agree on a schedule for IGC's breach of contract claims. (Heiser Dec. Ex. 7.)

j2 subsequently filed a notice with the Court in the San Jose Action "to alert the Court that they have asserted patent infringement counterclaims against Plaintiff Integrated Global Concepts, Inc. ("IGC"), thereby triggering application of this Court's Patent Local Rules. P.L.R. 1-2." (Heiser Dec. Ex. 8.) The parties are also scheduled to participate in a Court ordered mediation session pursuant to the Northern District's ADR Local Rules on May 9, 2013. (Heiser Dec. Ex. 10, Dkt No. 38.) Thus, as set forth below, given that j2 has filed identical claims in the San Jose Action, and substantial proceedings have taken place in San Jose, this case should be dismissed.[1]

---

[1] j2 has further refused to stipulate to a bifurcation or stay of its patent infringement counterclaims in the San Jose Action, notwithstanding the fact that the claims may have been released. (Heiser Dec. ¶ 4.)

## III. ARGUMENT

### A. j2 Has Filed The Identical Claims From This Case as Counterclaims In The San Jose Action, and This Case Is Now Wholly Duplicative

In the federal system, "the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). j2 has now initiated a second, wholly duplicative infringement proceeding in the San Jose Action, while this lawsuit remains pending. This is antithetical to principles of judicial economy. By filing two separate yet identical claims for relief, j2 has caused, and will continue to cause, an unnecessary duplication of effort by the Court and its personnel and a waste of scarce judicial resources. There is now no legitimate reason for this case to remain on the Court's docket, or to require the Court and IGC to potentially address j2's allegations twice in separate cases.

In this case, j2's filing of duplicative actions implicates, and negatively affects, both the interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently. In addition to creating the risk of inconsistent judgments, the public policy favoring disposition of cases on the merits is not furthered by allowing this case to remain open, because the identical infringement claims alleged in j2's complaint in this case are pending, and thus will be considered, in the San Jose Action. (Heiser Dec. Ex. 4.)

### B. The Court in the Northern District Has Enforced the Forum Selection Clause Over j2's Objection, Which Means that this Case Will Never Go Forward

Dismissal also accords with the strong policy of enforcing forum selection clauses. As the Court will recall, the disputed contract in question, the "Agreement of Understanding", contains a forum selection clause that fixes venue in the Northern District of California. (Heiser Dec. Ex. 9.) This was the dispute that originally led to a stay of proceedings in this case. (Ruling at 3-4; Dkt. No. 23 (Heiser Dec. Ex. 1).) A contractual forum selection clause is "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 10 (1972).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)

Accordingly, "absent some compelling and countervailing reason," a forum selection clause "should be honored by the parties and enforced by the courts." *Id.* at 12; *see also Id.* at 15 ("forum clause should control absent a strong showing that it should be set aside"). The party challenging the forum selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *M/S Bremen*, 407 U.S. at 15.

Here, the Court in the San Jose Action has ruled that it will honor the forum selection clause, and proceed to adjudicate the case on the merits:

> j2 contends that venue for this action should be transferred to the Central District of California. However, the Central District transferred the case here based upon a forum selection clause. The Court finds no reason not to honor the forum selection clause.

San Jose Ruling at 4 (Heiser Dec. Ex. 3, p. 41). Therefore, this case should be dismissed. Fed. R. Civ. P. 12(b)(3). There is no reason for this case to linger on the Court's docket.

### C. Principals of Federal Comity Warrant Dismissal of This Action

Further, it is well-recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952); *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 749 (9th Cir. 1979)(finding that where duplicative actions are pending in two federal courts, and the second-filed suit has progressed further than the first-filed suit, dismissal of the first in favor of the second is appropriate).

Here, the parties and claims are all identical. IGC, j2 and AMT are all parties to the San Jose Action. (Heiser Dec. Ex. 10.) Similarly, the claims brought by j2 are identical. (Heiser Dec. Ex. 4)(alleging infringement of '638, '688, '132 and '066 patents). There is no question that j2 will get a fair hearing in the Northern District, because that Court is at least as capable of interpreting the parties' contract and hearing j2's infringement claims, if necessary. *See, e.g., Foster v. Nationwide*

*Mut. Ins. Co.*, 2007 WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007). As such, this case should be dismissed.

While not directly relevant to the dismissal issue, j2 stated at the meet and confer session preceding this Motion that it would not consent to a dismissal because it could possibly lose out on some damages in the San Jose Action due to the later filing date of its counterclaims. (Heiser Dec. ¶ 4.) However, this is not a basis for retaining the case. First, since this case is stayed and the San Jose Action is well underway, the San Jose Action will proceed to judgment first, and the claims pending in that case will become *res judicata* with respect to the claims in this case. Therefore, in the hypothetical scenario where j2 defeats IGC's breach of contract claims and prevails in the San Jose Action, its damages will be still controlled by the date it filed its counterclaims, not the date of filing in this case. Further, the issue of any amount of damages to which j2 may be entitled will be decided by the jury in the San Jose Action. j2 will be able to obtain any damages to which it may be legally entitled in that case.

## IV. CONCLUSION

For the foregoing reasons, j2's Complaint should be dismissed. The Court in the San Jose Action has denied j2's motion to dismiss IGC's breach of contract claims, and has enforced the forum selection clause. j2 has also brought identical counterclaims in the San Jose Action to those at issue here, and is moving forward with those claims notwithstanding the prospect of additional breaches of the release and covenant not to sue. Therefore, the claims in this case will never go forward, and this case should be dismissed.

DATED: May 8, 2013                           LAW OFFICE OF STEVEN M. GOLDSOBEL

By _____
Steven M. Goldsobel
Becky Hsiao
Attorney for Defendant
Integrated Global Concepts, Inc.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 1800, Los Angeles, CA 90067. On May 8, 2013, I served the **DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)** on the interested parties of record in the action as set forth below:

Robert A. Sacks (sacksr@sullcrom.com)
Brian R. England (englandb@sullcrom.com)
Edward E. Johnson (johnsonee@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725

Frank L. Bernstein (fbernstein@kenyon.com)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216

Robert J Schneider (bschneid@chapman.com)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603-4080

[X] BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 8, 2013 at Los Angeles, California.

E. STOVER