O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| j2 GLOBAL, INC., and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>INTEGRATED GLOBAL CONCEPTS, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 12-03439 DDP (PLAx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(3)<br><br>[Docket No. 26] |

**I. Background**

　　j2 Global, Inc. ("j2") has sued Integrated Global Concepts, Inc. ("IGC") for patent infringement. (See generally Compl., Docket No. 1.) In response, IGC brought a suit against j2 in the Northern District of California (the "Northern District action") to determine the enforceability of a forum selection clause in a contract between the parties that IGC states implicates the instant case. (Order Granting in Part Defendant's Motion to Dismiss or Stay Proceedings ("Order"), Docket No 23 at 2:15-17.) Pursuant to IGC's request, this Court stayed the instant case, pending the

determination by the Northern District whether it would enforce the forum selection clause. (<u>See generally</u> Order at 4:1-8.) After the stay and in response to IGC's suit, j2 brought counterclaims in the Northern District consisting of the same patent infringement claim made in the present case. (<u>See generally</u> Heiser Decl. Ex. 4; Docket No. 28 ("On April 12, 2013, j2 asserted the same Patent Claims that are in this case . . . in the Northern District action.") Because of these counterclaims, IGC has filed the present Motion to Dismiss Pursuant to Rule 12(b)(3) ("Motion"). (<u>See generally</u> Docket No. 26.) On the same day that IGC filed its reply brief in this case, j2 filed a Motion to Dismiss Counts IV, V, and Prayer for Punitive Damages of Plaintiff Integrated Global Concepts, Inc.'s ("IGC") Counterclaims Pursuant to Rule 12(b)(6) in the Northern District action. (<u>Integrated Global Concepts, Inc. v. J2 Global, Inc. et al.</u>, No. 12-cv-3434-RMW, Docket No. 47.)[1]

## II. <u>Legal Standard for Lifting a Stay</u>

A district court has discretionary power to stay proceedings in its own court. See <u>Landis v. North American Co.</u>, 299 U.S. 248 (1936). When the circumstances have changed such that the reasons for imposing the stay are nonexistent or inappropriate, a court has the inherent power and discretion to lift the stay. <u>Canady v. Erbe Elektromedizin GmbH</u>, 271 F. Supp. 2d 64, 74 (D.D.C.2002); <u>Indep. Living Ctr. of S. Cal. v. Douglas</u>, No. CV 08-3315, 2012 WL 1622346, at *2 (N.D. Cal. 2012).

---

[1] The Court takes judicial notice of this filing. Fed. R. Evid. 201.

Comity is "a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district." Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 749 (9th Cir. 1979). "In its classic formulation, the comity doctrine permits a district court to decline jurisdiction over a matter if a complaint has already been filed in another district." Id. (discussing what is sometimes called the "first to file" rule). However, in light of concerns for scarce judicial resources, comity demands a "flexible approach" to allow a district court to choose not to exercise jurisdiction over an earlier filed case when a later case before a different court is further along in the proceedings. Id. Comity allows a district court to "transfer, stay, or dismiss" a case "involving the same parties and issues" as another case. See Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). Dismissal should not be granted when a party will suffer prejudice. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 629 (9th Cir. 1991).

**III. Analysis**

Because conditions have changed since the Court ordered the stay, lifting it is appropriate. Canady, 271 F. Supp. 2d at 74. Most notably, since the Court ordered the stay, in the Northern District action j2 has counterclaimed the same patent claims at issue here and has moved to dismiss various IGC counterclaims. Thus the Court will decide the dismissal issue.

Dismissal initially seems appropriate, as the Northern District action is further along and it involves the same patent

3

infringement claims. See Church of Scientology, 611 F.2d at 749. Additionally, j2's patent infringement counterclaims in the Northern District action trigger disclosures that the parties must quickly provide each other. See N.D. Cal. Patent Rule 3-1. Further, after IGC filed this motion, j2 filed a motion to dismiss various IGC counterclaims in the Northern District action: IGC's declaratory relief claims for exhaustion and implied license, and IGC's claim for punitive damages. (See generally Docket No. 47 in the Northern District action.) Since j2 has asserted the same patent claims in the Northern District action, the counterclaims it is seeking to dismiss would likely be involved in this action.[2] Accordingly, dismissal seems appropriate.

j2's brief states, but does not provide evidence to support, that IGC plans to "bring a motion to bifurcate the Northern District action." Docket No. 28 at 2 :19-20. An "unsworn statement in [a party's] briefing is not evidence." J & J Sports Prods., Inc. v. Jimenez, No. 11-CV-5435-LHK, 2012 WL 4713716, at *2 (N.D. Cal. Oct. 1, 2012) (citing United States v. Zermeno, 66 F.3d 1058, 1062 (9th Cir.1995).) j2 then states that, "[i]f the Northern District action is bifurcated and then j2 prevails on IGC's Contract Claim, then the reason for litigating j2's Patent claims in the Northern District . . . will no longer exists." Id. at 3:27-4:2. But j2's argument is based on speculation of what might happen.

---

[2] It appears that, because of the stay, IGC has not filed an answer or any counterclaims in this case.

4

j2 states that dismissal would cause prejudice. See <u>Alltrade, Inc. v. Uniweld Products, Inc.</u>, 946 F.2d at 629. j2 states that because it is only entitled to damages for infringement for the six years' preceding the filing of its complaint, it will lose damages because the instant case was filed before the Northern District action's counterclaims. Docket No. 28:9-17. However, j2 provides no calculations or figures to explain how much, if any, it stands to lose in damages. This is insufficient. See <u>J & J Sports Prods.</u>, 2012 WL 4713716 at *2.

j2 also states that IGC's Motion is actually a motion for reconsideration, and that it should, thus, be analyzed under the framework of Local Rule 7-18. This is IGC's second motion to dismiss. Although some district courts will treat renewed motions as motions for reconsideration, they generally do so when nothing material has changed between the two motions' filings. See <u>Jadwin v. Cnty. of Kern</u>, 767 F. Supp. 2d 1069, 1108 (E.D. Cal. 2011) (treating as motions for reconsideration two motions in limine and a motion made at a Rule 51 conference, when plaintiff had previously filed a motion to strike, motion for reconsideration, and a motion for summary judgment on the same issue); <u>Sabra v. Clark</u>, No. C06-1832-RSL-JPD 2007, U.S. Dist. LEXIS 11032, at *2-3 (W.D. Wash. January 30, 2007) (treating a second motion for a stay that was filed 22 days after the first one was denied as a motion for reconsideration). However, when new facts develop, courts generally have discretion to permit a second motion, and will not treat it as a motion for reconsideration. See <u>Hoffman v. Tonnemacher</u>, 593 F.3d 908, 911 (9th Cir. 2010) (holding that a

5

district court does not abuse its discretion when it allows a successive motion for summary judgment that is supported by an expanded factual record). In light of the new facts discussed, this Court will not analyze the Motion under a motion for reconsideration standard.

Finally, j2 states that this case should be transferred, instead of dismissed, but its reasons are not persuasive because it has not shown that dismissal would cause prejudice.

**IV. Conclusion**

For the reasons stated herein, the Court GRANTS IGC's Motion. IT IS SO ORDERED.

Dated: June 27, 2013

DEAN D. PREGERSON
United States District Judge